UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDI H.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-5776 BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the denial of her application for benefits, contending the ALJ erred by rejecting her testimony, a lay witness statement, and two medical sources' opinions. Dkt. 8. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## THE ALJ'S DECISION

The ALJ found Plaintiff had the severe impairments of obesity, and mental health disorders of depression, anxiety, post-traumatic stress, and methamphetamine use (in remission). Dkt. 6, Admin. Record (Tr.) 18. The ALJ found Plaintiff was able to perform medium work, limited to simple, routine, repetitive tasks and simple work-related decisions. Tr. 21. Although Plaintiff had no past relevant work, the ALJ concluded she could perform jobs that existed in significant numbers in the national economy and thus was not disabled. Tr. 25-26.

# DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

## A. Plaintiff's Testimony

At a June 2018 hearing, Plaintiff testified she can stand or walk for 15 minutes and then must sit for 15 minutes. Tr. 50-51. Although walking is painful, she must walk to avoid stiffness. Tr. 49-50. Plaintiff must prop her feet and ankles up above her head twice a day for 30 to 45 minutes. Tr. 55. She can lift 7 pounds. Tr. 57. Plaintiff testified she lacks enough focus to read a book or watch a movie. Tr. 57. She avoids places with a lot of people. Tr. 58. Plaintiff has difficulty around crowds, but also has difficulty being alone without a familiar person. Tr. 48-49. She has panic attacks every month or two that usually last 15 to 20 minutes. Tr. 59, 48.

The ALJ could only discount Plaintiff's testimony for "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony as inconsistent with her poor work history, lack of supporting objective evidence, daily activities, and improvement with medication. Tr. 22-23.

### 1. Work History

In a disability report, Plaintiff stated she stopped working in 2008 due to her conditions. Tr. 301. The ALJ found Plaintiff had a poor work history even before 2008 as well as a history of drug abuse, and concluded her poor work history was related to substance use. Tr. 22. This work history has very little relevance to evaluating Plaintiff's testimony, however. The ALJ accepted Plaintiff's testimony she has not used drugs since her May 2016 alleged onset date. *See*

Tr. 21. Whether drug use affected her work history before 2008 has little bearing on the reliability of her 2018 hearing testimony. Work history was not a clear and convincing reason to discount Plaintiff's testimony.

### 2. Objective Evidence

Lack of supporting objective evidence cannot, by itself, constitute clear and convincing reason to discount a claimant's testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). "Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony," however. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Regarding physical impairments, the ALJ cited only a lack of clinical observations of pain behavior, atrophy, or difficulty moving, but identified no contradictory medical evidence. Regarding mental impairments, an examining psychologist found Plaintiff had normal concentration. Tr 380, 554. This is reason to discount testimony of impaired concentration, but not other testimony. *See* Social Security Ruling 16-3p, 2017 WL 5180304 at *8 (S.S.A. 2017) (ALJ must explain "*which* of an individual's symptoms" was inconsistent with evidence (emphasis added)). It does not contradict testimony of avoiding crowds, for example.

### 3. Activities

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ cited walking a lot, including as a form of transportation. Tr. 22, 23. On one occasion Plaintiff walked to her physical therapy appointment without an increase in symptoms but, on another occasion, it increased her pain. Tr. 438, 439. None of this contradicted Plaintiff's testimony of walking 15 minutes and then sitting 15 minutes throughout the day, and that walking hurts but is required to prevent stiffness.

Other activities the ALJ cited also did not meet the clear and convincing standard. Tr. 23. The ALJ cited moving her camp and belongings when homeless. But there is no evidence such belongings weigh more than the 7 pounds Plaintiff testified she can lift or that she moves them all at once. The ALJ cited unspecified housework but did not explain how it contradicted Plaintiff's testimony. The ALJ cited laundry, but again did not show any contradiction. The ALJ cited Plaintiff's statement, when she was homeless, of taking "1-2 hours" daily to prepare meals because "it takes longer" than before her impairments began. Tr. 323. This suggests she lacks the focus to perform simple tasks, not that she has the focus to create elaborate meals. Plaintiff shops, but only when the store is nearly empty. Tr. 58. The ALJ found going to a park "suggests an ability to function outside of the home," but Plaintiff was homeless at the time and thus had no choice but to be "outside of the home." Tr. 23. Making one friend in her building after several months does not contradict Plaintiff's testimony that she avoids crowds. Tr. 503, 501; Tr. 321 ("anxiety around too many people or new people").

Plaintiff's activities were not a clear and convincing reason to discount her testimony.

### 4. Improvement with Medication

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, "'doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.'" *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)). Evidence that medical treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders' … can undermine a

claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00H (2014)).

The reasons the ALJ provided were not well supported by the record and, moreover, do not contradict Plaintiff's testimony or show she can work. The ALJ found Plaintiff's medication changed infrequently and concluded "her symptoms were relatively stable with treatment." Tr. 23. But medication changes were discussed in all five cited medication management appointments between October 2016 and October 2017 and were implemented in four of the five visits. Tr. 482-84, 495-97, 510-12, 527-29, 543. Medication was increased, decreased due to side effects, or changed. This does not indicate Plaintiff's condition was stable.

The ALJ accepted Plaintiff's testimony of medication reducing her panic attacks from "every two weeks to only four in six months." *Id.*; Tr. 48. This improvement does not contradict Plaintiff's testimony; Plaintiff does not claim panic attacks alone are disabling.

The ALJ also found Plaintiff's limitations were in part due to situational stressors, which "improved somewhat when she obtained housing." Tr. 22-23 (citing Tr. 501, 518, 526). A treatment note showed Plaintiff "doing better now that she is housed" but even after several months Plaintiff struggled with living alone and even sleeping inside her apartment. Tr. 526; Tr. 501, 518. This does not contradict Plaintiff's testimony or show she could work.

The ALJ found the evidence of improvement with medication, "considered with the observations of normal mood, affect, and behavior," contradicted Plaintiff's testimony. Tr. 23. The ALJ cited one gynecological treatment note mentioning "normal mood and affect." Tr. 557. This single note contrasts with regular observations of abnormal mood and affect by Plaintiff's mental health providers and is not sufficient to contradict Plaintiff's testimony or show she improved to a level where she could work. *See* Tr. 482, 485-86, 488, 494-95, 498, 500, 502,

504, 509, 515, 523-25, 530-32, 537-40, 542. Improvement with medication was not a clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ harmfully erred by discounting Plaintiff's testimony without providing a clear and convincing reason.

### B. Examining Psychologists' Medical Opinions

Wendy Hartinger, Psy.D., examined Plaintiff in April 2015. Tr. 372. Peter A. Weiss, Ph.D., examined Plaintiff in March 2016 and February 2018. Tr. 376, 550. Both doctors filled out psychological evaluation forms, opining Plaintiff had marked or severe limitations in completing a normal work day and work week without interruptions from psychologically based symptoms and in maintaining punctual attendance. Tr. 374, 378, 552.

An ALJ may only reject the contradicted opinion of an examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ discounted the opinions as unsupported or contradicted by objective evidence and overly reliant on Plaintiff's unreliable self-reports. Tr. 24. However, the ALJ erred in discounting Plaintiff's self-reports and thus erred in discounting medical opinions for reliance on them. The ALJ also discounted the opinions as inconsistent with "evidence of stable mental symptoms, notably the relatively few changes that were made to her psychiatric medications." Tr. 24. But the ALJ's finding of few medication changes was not supported by the record. The remaining reason of conflict with objective evidence is addressed separately for each doctor.

#### 1. Peter A. Weiss, Ph.D.

Dr. Weiss' mental status examination results document normal memory and concentration. Tr. 380, 554. The ALJ found this inconsistent with opined limitations in "sustained concentration and persistence." Tr. 24. But Dr. Weiss opined severe or marked

1  limitations in the ability to "perform activities within a schedule, maintain regular attendance,
2  and be punctual within customary tolerances without special supervision" and the ability to
3  "complete a normal work day and work week without interruptions from psychologically based
4  symptoms." Tr. 378, 552. These limitations are not necessarily related to concentration and
5  persistence; Dr. Weiss opined only mild or no limitations on the ability to "persist" in simple
6  tasks. *Id*. Other reasons, such as debilitating depression, may cause difficulty adhering to a
7  normal work schedule. Contradiction with his own findings was not a specific and legitimate
8  reason to discount Dr. Weiss' opinions. The Court concludes the ALJ erred in discounting them.

### 2. Wendy HTrtinger, Psy.D.

Only part of a mental status examination was attached to Dr. Hartinger's report. *See* Tr. 375. This portion showed normal speech and attitude/behavior and abnormal appearance, mood, and affect. *Id*. Comparing Dr. Weiss' forms, the missing information should have addressed thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment. *Cf.* Tr. 380. Because this case must be remanded for reconsideration of Plaintiff's testimony and Dr. Weiss' opinions, the ALJ will have the opportunity to develop the record by seeking the remainder of Dr. Hartinger's mental status examination results. The Court need not address whether the apparent scrivener's error of failing to attach the full results is an adequate reason to discount the opinions.

### C. Lay Witness Statement

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff's former boyfriend filled out a function report, documenting Plaintiff's easy distractibility and avoidance of crowds. Tr. 329-36. The ALJ discounted these statements as "inconsistent with the objective evidence" and "relatively

stable mental symptoms." Tr. 25. The finding of stable mental symptoms was not supported by the record. Normal concentration was germane to discounting the statement of easy distractibility, but the ALJ did not identify any objective evidence inconsistent with social problems. The ALJ erred by discounting this portion of the lay witness statement.

### D. Scope of Remand

Plaintiff argues the improperly disputed evidence establishes disability if credited as true, and thus the Court should remand for an award of benefits. Dkt. 8 at 13-14; Dkt. 10 at 6. "This is an erroneous reading of [Ninth Circuit] case law, which requires [the Court] to assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the [improperly discredited evidence] is credible as a matter of law." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). Dr. Weiss' and Dr. Hartinger's opinions remain contradicted by the opinions of state agency doctors Eugene Kester, M.D., and Joshua J. Boyd, Psy.D. Tr. 98-100, 113-14. The ALJ must resolve such conflicts. The Court concludes remand for further administrative proceedings is proper.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess Plaintiff's testimony, the lay witness statement, and Dr. Weiss' and Dr. Hartinger's opinions; develop the record and reevaluate the RFC as appropriate; and proceed to step five as needed.

DATED this 16th day of January, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge